Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 9766 | DATE | 4-9-13 |
| CASE TITLE | Leslie Peace (A81126) vs. Wexford Health Sources, Inc., et al. | | |

### DOCKET ENTRY TEXT

Plaintiff's motion for an extension of time to pay the filing fee (Dkt. No. 6), is denied as moot. Plaintiff may proceed with the complaint against defendants Wexford Health Sources, Inc., Carter, and Obaisi. Plaintiff's suit against Wexford is in their official capacity, and his suit against Carrter and Obaisi are in their individual capacities. The Clerk is instructed to alter the docket accordingly. Defendants Obsbourne, Reed, and McBride are dismissed. The clerk is directed to issue summonses for service on defendants Wexford Health Sources, Inc., Carter and Obaisi, and the U.S. Marshal is appointed to effectuate service of process. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

Docketing to mail notices.

■ [ For further details see text below.]

### STATEMENT

Pro se plaintiff Leslie Peace, a Stateville Correctional Center inmate, has brought a civil rights complaint pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for an extension of time to pay the filing fee, (Dkt. No. 6), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

Plaintiff's motion for an extension of time to pay the filing fee (Dkt. No. 6), is denied as moot because plaintiff has paid the full $350 filing fee. (Dkt. No. 7).

Plaintiff alleges he suffers from leg pain cased by protruding veins. He has sought medical treatment to no avail from the medical and non medical staff at Stateville. Plaintiff claims that the denial of medical care by the staff employed by Wexford Health Sources, Inc. is part of a policy at Wexford to deny necessary medical care for cost saving purposes. Plaintiff may proceed with a deliberate indifference claim against Wexford and medical officials Carter, and Obaisi. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1072 (7th Cir. 2012).

Wexford Health Sources, Inc. is sued in its official capacity. Carter and Obaisi are being sued in their individual capacity. Plaintiff seeks to sue all parties in their individual and official capacities, but that is an unnecessary effort as a suit against Carter and Obaisi in their official capacity is simply a suit against their employer, Wexford. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010).

12C9766 Leslie Peace (A81126) vs. Wexford Health Sources, Inc., et al.

Page 1 of 2

## STATEMENT

The Court dismisses the remaining defendants Osbourne, Reed and McBride. Plaintiff sues this non medical staff because they were involved in the grievance process or he contacted them attempting to obtain medical assistance once he was unable to receive medical assistance from the Wexford, Carter and Obaisi. Plaintiff's grievances, which are included with complaint, show that plaintiff's claims were investigated and it was determined that he was receiving medical care. (Dkt. No. 1 at 23). As the response to the grievance properly notes, non medical officials have "no medical expertise or authority to contradict the doctor's [] recommendation / diagnosis." (*Id.*).

Non medical officials are only required to investigate a prisoner's claim of mistreatment, they are not required to disregard the doctor's evaluation. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Plaintiff's dispute is with the quality of care received from the medical professionals. The non medical professionals are dismissed from this suit.

The Clerk is instructed to issue summonses for service on defendants Wexford Health Sources, Inc., Carter, and Obaisi, and send plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve all defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections and/or Wexford Health Sources shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named defendant pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, plaintiff must send an exact copy of any court filing to defendants [or to defense counsel, once an attorney has entered an appearance on behalf of defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to plaintiff.